FILED
September 20, 2010
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

0002940257

Michael S. Warda, C.S.B. #176360
WARDA & YONANO, LLP
2350 W. Monte Vista Avenue
Turlock, California 95382
Telephone: (209) 667-1889
Fax: (209) 667-1809

Attorney for Plaintiff, Dimitrios Voulgarakis

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

## COUNTY OF STANISLAUS

| | |
|---|---|
| IN RE:<br><br>MICHEAL STAGAKIS<br><br>Debtor,<br><br>DIMITRIOS VOULGARAKIS<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL STAGAKIS | Case No. 09-92241-E-7<br><br>Adv. Pro. No. 09-09075<br><br>Chapter 7<br><br>**PLAINTIFF'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW**<br><br>Date: October 4, 2010<br>Time: 11:00 a.m.<br>Place: 1200 I Street, Suite 4<br>       Modesto, CA 95354<br>       Dept. E<br><br>Judge: Hon. Ronald H. Sargis |

# FINDINGS OF FACT

1. Dimitrios Voulgarakis ("Plaintiff") is a resident of the State of California

2. Defendants commenced the above-referenced bankruptcy under Chapter 7 of Title 11 United States Code on July 20, 2009.

3. Plaintiff leased 2213 Patterson Road in the City of Riverbank (the "Premises") to Defendants in accordance with the Lease that is Plaintiff's Exhibit "1"

3. Plaintiff sold the business the operated at the Premises to Defendants at the time Plaintiff leased the Premises to Defendants in accordance with the Business Purchase Agreement that is Plaintiff's Exhibit "2".

4. The sale of the business included the sale of all furniture, fixtures, equipment inventory and other tangible and intangible property in accordance with a Bill of Sale that is Plaintiff's Exhibit "3".

5. As part of the consideration, Defendants executed that certain Security Agreement and Promissory Note, a copy of which is Plaintiff's Exhibit "4".

6. The Security Agreement and Promissory Note granted Plaintiff a security interest in "All fixtures and equipment now owned or hereinafter acquired for the business known as 10Minute Lube and Big O Tire Located at or installed on the land at 2213 Patterson Road, Riverbank, County of Stanislaus, State of California regularly or permanently located at business address, with any and all accessories, equipment, parts appliances and appurtenances now or hereafter a part of the business.

7. Defendants acknowledged receipt of all of the Collateral as set forth in Plaintiff's Exhibit 5 and 6.

8. At the time Defendants vacated the Premises, they unlawfully removed some of

the Collateral.

9. At some time prior to vacating the Premises, the Defendants granted a security interest in some of the equipment to Big O Tire, even though they had given a security interest in the Collateral.

10. Defendants unlawfully removed the some of the Collateral particularly described in Plaintiff's Exhibit 8.

11. The value of the portion of Collateral described in Exhibit "8" is $73,249.00.

12. Defendants unlawfully granted to Big O Tire a security interest the Collateral and a portion of the Collateral was removed and retained by Big O Tire.

13. The portion of the Collateral removed and retained by Big O Tire is particularly described in Plaintiff's Exhibit 10.

14. Defendants removed Collateral from the Premises with the intent to injure and deprive Plaintiff of the Collateral.

15. At the time Defendants granted the Collateral to Big O Tire, Defendants intended to deprive the Collateral from Plaintiff.

16. The value of the Collateral is $73,249.00 in equipment, fixtures and furniture and $30,000 in inventory.

## CONCLUSIONS OF LAW

14. Defendants wrongfully took and converted for their own use the portions of the Collateral identified in Plaintiff' Exhibits and therefore the debt is not dischargeable pursuant to 11 U.S.C.(a)(4)

15 Defendants removed the Collateral from the Premises with the intent to injure and deprive Plaintiff of the Collateral therefore the debt is not dischargeable pursuant to 11 U.S.C. 523(a)(6).

3

PLAINTIFF'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

16. Plaintiff is obligated to pay for the portions of Collateral converted to its own use and for the portions of Collateral intentionally deprived with the intent to injure.

17. Plaintiff is entitled to recover its attorneys fees pursuant to 11 U.S.C. 523.

Dated September 20, 2010         WARDA & YONANO, LLP

                                  _____
                                  Michael S. Warda
                                  Attorneys for Defendants

4
PLAINTIFF'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW